UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAUL MARTINEZ-GONZALEZ,

Petitioner,

v. Case No.: 3:26-cv-1680-MMH-LLL

SHERIFF SCOTTY RHODEN and
U.S. ATTORNEY GENERAL,

Respondents.
_____________________________________/

**ORDER**

Petitioner Raul Martinez-Gonzalez, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on June 29, 2026. Martinez-Gonzalez, a citizen of Cuba, entered the United States on August 13, 2006. Id. at 2. An immigration judge ordered Martinez-Gonzalez removed on April 3, 2013, and he was released on an Order of Supervision. Id. at 3. United States Immigration and Customs Enforcement (ICE) detained Martinez-Gonzalez on March 13, 2026. Id. In the Petition, he seemingly argues that his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in Zadvydas v. Davis, 533 U.S. 678 (2001). See id. at 4.

In Zadvydas, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Id. at 690. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Here, because Martinez-Gonzalez had not been detained for six consecutive months before he filed this case, his claim under Zadvydas is not ripe. Therefore, the Court will dismiss the Petition. Should he wish to file a new petition, Martinez-Gonzalez must pay a filing fee of $5.00 or file a

complete motion to proceed in forma pauperis. Additionally, Martinez-Gonzalez must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Insofar as Martinez-Gonzalez argues the conditions of confinement render his detention unconstitutional, he is still not entitled to relief. Such claims are properly raised in a civil rights complaint—not a habeas petition. See Vaz v. Skinner, 634 F. App'x 778, 781 (11th Cir. 2015)[1] ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement. And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim." (citations omitted)).

Accordingly, it is **ORDERED**:

1. Martinez-Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Martinez-Gonzalez a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** in Jacksonville, Florida, on this 23rd day of November, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 11/20
c:
Raul Martinez-Gonzalez, #A099540884